UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
CASE NO.:

MILVIA I. VIVERO
and other similarly-situated individuals,

    Plaintiff(s),

v.

PINECREST BAKERY LLC,
EFRAIN VALDES JR. and
JOEL RODRIGUEZ, individually,

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MILVIA I. VIVERO, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants PINECREST BAKERY, LLC, EFRAIN VALDES JR., and JOEL RODRIGUEZ, individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MILVIA I. VIVERO is a Florida resident, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant PINECREST BAKERY, LLC (hereinafter PINECREST BAKERY, or Defendant) is a Florida corporation, having a place of business in Monroe County, Florida. The Defendant was and is engaged in interstate commerce.

4. The individual Defendants EFRAIN VALDES JR. and JOEL RODRIGUEZ were and are now owners/partners, and managers of PINECREST BAKERY. Defendants EFRAIN VALDES JR. and JOEL RODRIGUEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and are jointly liable for the Plaintiff's damages.

5. All the actions raised in this complaint took place in Monroe County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff MILVIA I. VIVERO as a collective action to recover from the Defendants regular and overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after May 2019, (the "material time") without being properly compensated.

7. Defendant PINECREST BAKERY is a 24-hour Cuban bakery, cafeteria, and restaurant located at 99100 Overseas Hwy, Key Largo, Florida 33037, where Plaintiff worked

8. Defendants PINECREST BAKERY, EFRAIN VALDES JR., and JOEL RODRIGUEZ employed Plaintiff MILVIA I. VIVERO as a non-exempted, hourly, full-time bakery employee from approximately May 28, 2019, to July 18, 2020, or 59 weeks. However, for FLSA purposes Plaintiff's relevant employment period is 43 weeks. After approximately March 22, 2020, Plaintiff began to receive overtime pay.

9. Plaintiff had multiple duties as a production employee, cashier, bakery attendant, prep cook, and general bakery work.

10. Plaintiff was paid $10.00 an hour, and her overtime rate should be $15.00 an hour.

11. During her time of employment with Defendants, Plaintiff, and other similarly situated individuals maintained a regular schedule. Plaintiff worked 6 days per week, the night shift. Usually, the Plaintiff had Wednesday off, but from Monday to Saturday she worked from 9:00 PM to 6:00 AM (9 hours each day); On Sundays, Plaintiff worked from 6:00 PM to 7:00 AM (10 hours). The Plaintiff completed a minimum of 55 working hours every week. Plaintiff was unable to take bonafide lunch periods.

12. Plaintiff worked a minimum of 55 hours every week. Plaintiff was paid for all his hours, but at her regular rate. Plaintiff worked many hours over 40, but she was not paid for overtime hours, as required by law.

13. Plaintiff clocked in and out and the Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. From the beginning of her employment to April 22, 2020, or 43 weeks the Plaintiff was not paid overtime hours, she was paid in cash, without any record or paystub providing basic information about the number of days and hours worked. Sometimes the Plaintiff was not in agreement with the amount received, but she had no access to verify the number of hours worked in a week and the payment received.

16. After April 23, 2020, The Plaintiff was paid for overtime hours and was paid with checks and paystubs.

17. On or about July 18, 2020, Defendants fired Plaintiff due to discriminatory reasons. The Plaintiff is in the process of filing her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

18. At the time of her termination, Defendants did not pay Plaintiff for 2 weeks of work, because she refused to sign a document stating that she was leaving her work voluntarily.

19. Plaintiff does not have time and payment records, but she will provide a good faith estimated based on the real number of hours worked as per her best recollections. Plaintiff will base her calculations on 55 working hours paid weekly. After discovery, the Plaintiff will adjust her calculations.

20. Plaintiff MILVIA I. VIVERO seeks to recover any regular wages and overtime wages at the rate of time and a half her regular rate, for every hour in excess of 40 that she worked, liquidated damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular hours or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

22. Plaintiff MILVIA I. VIVERO re-adopts every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This cause of action is brought by Plaintiff MILVIA I. VIVERO as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which she is employed."

24. Defendant PINECREST BAKERY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a Cuban bakery/cafeteria and restaurant, and through its business activity, affects interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as housekeepers, and through their daily activities, Plaintiff not only regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business. Plaintiff also participated in interstate commerce when she handled credit card transactions. Therefore, there is FLSA individual coverage.

26. Defendants PINECREST BAKERY, EFRAIN VALDES JR., and JOEL RODRIGUEZ employed Plaintiff MILVIA I. VIVERO as a non-exempted, hourly, full-time bakery employee from approximately May 28, 2019, to July 18, 2020, or 59 weeks. However, for FLSA purposes Plaintiff's relevant employment period is 43 weeks. After approximately March 22, 2020, Plaintiff began to receive overtime pay.

27. Plaintiff was paid at the wage rate of $10.00 an hour, and her overtime rate should be $15.00 an hour.

28. During her time of employment with Defendants, Plaintiff, and other similarly situated individuals maintained a regular schedule. Plaintiff worked 6 days per week a minimum of 55 working hours every week. Plaintiff was unable to take bonafide lunch periods.

29. Plaintiff was paid for all her hours, but at a regular rate. Plaintiff worked many hours over 40, but she was not paid for overtime hours, as required by law.

30. Plaintiff clocked in and out and the Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

31. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. From the beginning of her employment to April 22, 2020, or 43 weeks the Plaintiff was not paid overtime hours, she was paid in cash, without any record or paystub providing basic information about the number of days and hours worked. Sometimes the Plaintiff was not in agreement with the amount received, but she had no access to verify the number of hours worked in a week and the payment received.

33. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees.

34. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. Plaintiff does not have time and payment records, but she will provide a good faith estimated based on the real number of hours worked as per her best recollections. Plaintiff will base her calculations on 55 working hours paid weekly. After discovery, the Plaintiff will adjust her calculations.

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Three Thousand Two Hundred Twenty-Five Dollars and 00/100 ($3,225.00)

   b. <u>Calculation of such wages:</u>

   Total period of employment: 59 weeks
   Relevant weeks of employment: 43 weeks
   Total hours worked: 55 hours weekly average
   Total overtime hours: 15 overtime hours
   Regular rate: $10.00 x 1.5= $15.00 O/T rate
   O/T rate: $15.00 an hour-$10.00 O/T rate paid = $5.00 Half-time difference

   Half-time $5.00 x 15 O/T hours=$75.00 weekly x 43 weeks=$3,225.00

   <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents half-time unpaid overtime wages.

37. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

38. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

39. At the times mentioned, individual Defendants EFRAIN VALDES JR. and JOEL RODRIGUEZ were the owners and managers of PINECREST BAKERY. The Defendants EFRAIN VALDES JR. AND JOEL RODRIGUEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of PINECREST BAKERY concerning its employees, including Plaintiff and others similarly situated. Defendants EFRAIN VALDES JR. and JOEL RODRIGUEZ had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

40. Defendants PINECREST BAKERY, EFRAIN VALDES JR., and JOEL RODRIGUEZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MILVIA I. VIVERO and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MILVIA I. VIVERO and other similarly situated individuals and against the Defendants PINECREST BAKERY, EFRAIN VALDES JR. and JOEL RODRIGUEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MILVIA I. VIVERO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff MILVIA I. VIVERO demands trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>**
**<u>FAILURE TO PAY MINIMUM WAGE, AGAINST ALL DEFENDANTS</u>**

42. Plaintiff MILVIA I. VIVERO re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

43. At all times pertinent to this Complaint, Defendant PINECREST BAKERY was an enterprise engaged in interstate commerce or the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce to fall within the protections of the Act.

44. This action is brought by Plaintiff MILVIA I. VIVERO and those similarly-situated to recover from the Employers PINECREST BAKERY, EFRAIN VALDES JR. and JOEL RODRIGUEZ unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

45. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

46. Defendants PINECREST BAKERY, EFRAIN VALDES JR., and JOEL RODRIGUEZ employed Plaintiff MILVIA I. VIVERO as a non-exempted, hourly, bakery employee from approximately May 28, 2019, to July 18, 2020, or 59 weeks.

47. Plaintiff was paid $10.00 an hour, and her overtime rate should be $15.00 an hour.

48. During her time of employment with Defendants, Plaintiff, and other similarly situated individuals maintained a regular schedule.  Plaintiff worked 6 days per week, a minimum average of 55 working hours weekly. Plaintiff was unable to take bonafide lunch periods.

49. On or about July 18, 2020, Defendants fired Plaintiff due to discriminatory reasons. At the time of her termination, Defendants refused to pay Plaintiff her last 2 weeks of employment.

50. Therefore, Defendants willfully failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

51. The records, if any, concerning the number of hours worked by Plaintiff and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

52. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

53. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

54. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

    a. <u>Total amount of alleged unpaid wages</u>:

       Six Hundred Eighty-Four Dollars and 80/100 ($684.80)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 59 weeks
       Total relevant weeks of employment: 2 weeks
       Total hours worked: 40 hours weekly average
       Total number of unpaid hours:  40 regular hours
       Regular rate: $10.00 an hour
       Florida Minimum wage 2020: $8.56 an hour

       Min. Wage $8.56 x 40 hours=$342.40 weekly x 2 weeks=$684.80

    c. <u>Nature of wages:</u>

       This amount represents unpaid minimum wages.

55. Defendants PINECREST BAKERY, EFRAIN VALDES JR., and JOEL RODRIGUEZ knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act.

56. At the times mentioned, individual Defendants EFRAIN VALDES JR. and JOEL RODRIGUEZ were the owners and managers of PINECREST BAKERY. The Defendants EFRAIN VALDES JR. AND JOEL RODRIGUEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of PINECREST BAKERY concerning its employees, including Plaintiff and others similarly situated. Defendants EFRAIN VALDES JR. and JOEL RODRIGUEZ had

absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

57. Defendants PINECREST BAKERY, EFRAIN VALDES JR., and JOEL RODRIGUEZ willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the date of her termination, and Plaintiff is entitled to recover double damages.

58. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MILVIA I. VIVERO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MILVIA I. VIVERO and against the Defendants PINECREST BAKERY, EFRAIN VALDES JR., and JOEL RODRIGUEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MILVIA I. VIVERO and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated: July 31, 2020

                    Respectfully submitted,

                    By: **/s/ Zandro E. Palma**
                    ZANDRO E. PALMA, P.A.
                    Florida Bar No.: 0024031
                    9100 S. Dadeland Blvd.
                    Suite 1500
                    Miami, FL 33156
                    Telephone: (305) 446-1500
                    Facsimile:  (305) 446-1502
                    zep@thepalmalawgroup.com
                    *Attorney for Plaintiff*