UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| MILVIA VIVERO, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 20-cv-10090-JLK |
| | ) |
| PINECREST BAKERY LLC, ET AL | ) |
| | ) |
| Defendant | ) |

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("AGREEMENT") is entered into by and between MILVIA F. VIVERO ("PLAINTIFF") and PINECREST BAKERY, LLC, ("PINECREST"), (collectively referred to as the "PARTIES")

## RECITALS

WHEREAS, PINECREST BAKERY, LLC operates a retail bakery business in Miami-Dade County, Florida, and Defendants, EFRAIN VALDES JR., ("VALDES"), and JOEL RODRIGUEZ ("RODRIGUEZ") are managers of that corporation;

WHEREAS, VALDES and RODRIGUEZ also are officers, managers, or have ownership interests in a number of other corporations which corporations independently own and operate various other bakery locations, which, although separate entities, partially share the name Pinecrest Bakery ("PINECREST BAKERY CORPORATIONS");

WHEREAS, for the purposes of this Agreement, the rights, responsibility and/or interests of PINECREST, VALDES, RODRIGUEZ and PINECREST BAKERY CORPORATIONS ("DEFENDANTS") whether individually or in any corporate capacity, shall be deemed to be included anywhere where the term "DEFENDANT(S)" is used, and that the term "DEFENDANT(S) shall be broadly and expansively interpreted to include each and every one of the mentioned corporations, the individuals named, and all corporate members, owners, investors, officers, employees, agents, or persons associated with said corporations;

MFV: _MV_

PB: _[signature]_

Scanned with CamScanner
Doc ID: a9158f7dff9c8b1d24f3a501b0603e97c79f9d95

WHEREAS, the PLAINTIFF filed a lawsuit against the DEFENDANTS in the United States District Court for the Southern District of Florida, case number 20-cv-10090-JLK (the "LAWSUIT") arising out of the operation of one of the entities which partially share the name Pinecrest Bakery, specifically Pinecrest Bakery 6, LLC;

WHEREAS, the PLAINTIFF has filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, the State of Florida and/or a local agency, if any, dated August 3, 2020, against the DEFENDANTS alleging discrimination based on national origin, retaliation, and age;

WHEREAS, the PLAINTIFF desires to release the Claims she has alleged against the DEFENDANTS, as alleged in the Lawsuit, as well as any and all other claims against the DEFENDANTS or related individuals against whom the Plaintiff may have a cause of action, unless otherwise specifically exempted from such release herein, and binds herself to the terms and conditions of this Agreement in exchange for the Defendants' monetary payment (the "SETTLEMENT SUM") as set forth below.

. NOW THEREFORE, and in consideration of the promises and mutual covenants and agreements contained in this Agreement, the receipt and legal sufficiency of which are hereby acknowledged by the Parties, who intending to be legally bound, agree as follows:

I. **PURPOSE:** The Parties to this Agreement acknowledge that the purpose of this Agreement is to memorialize the resolution of all disputes asserted by, or which could have been asserted by and between the Parties, employees, directors, managers, or officers of the Parties, predecessors, successors or assigns, or by affiliated entities, subsidiaries, parents, assigns, agents, insurance companies and carriers, or representatives of the Parties in the Lawsuit as further described and detailed in the Lawsuit. The Parties to this Agreement also acknowledge that it is the purpose of the Agreement to release all of the Plaintiff's Claims against the Defendants, unless otherwise specifically set forth below.

II. **SETTLEMENT ACCORD AND SATISFACTION:** This Agreement is intended to and does settle and resolve and constitutes a full and complete accord and satisfaction with respect to all claims raised, or which could have been raised, in the Lawsuit, as well as any and all other claims which could have been raised in any forum, whether civil or administrative in nature, with respect to all Parties and Defendants, with the exception of that specific claim of discrimination made by the Plaintiff dated August 3, 2020.

This Agreement does not settle or resolve claims raised by the Plaintiff in Plaintiff's Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, the State of Florida or local agency, if any, dated August 3, 2020, alleging discrimination based on national origin, retaliation,

MFV: _____          PB: _____

Scanned with CamScanner
Doc ID: a9158f7dff9c8b1d24f3a501b0603e97c79f9d95

and age. The Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission, the State of Florida or local agency, if any, dated August 3, 2020, alleging discrimination based on national origin, retaliation, and age shall remain unresolved and pending. Any release and satisfaction contained in this Agreement shall not discharge the specific claims filed by the Plaintiff in her Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission, the State of Florida or local agency, if any, dated August 3, 2020.

III. **TERMS OF THE SETTLEMENT**: The terms of the Settlement are more fully described herein and contain both monetary and non-monetary components. The Parties agree to comply with each and every term and condition contained herein.

A. **SETTLEMENT SUM:** As a material inducement to and in consideration for the Parties entering into this Agreement, the Defendants shall pay or cause to be paid the sum of Seven Thousand ($7,000.00) U.S. Dollars, as follows:

- Plaintiff MILVIA VIVERO shall receive $2,500.00 as payment for any alleged unpaid wages as well as liquidated damages, as well as any and all other claims raised in, or which could have been raised in the Lawsuit;
- Plaintiff's counsel, Zandro E. Palma, P.A., shall receive $4,500.00 for attorney's fees and costs, which fees were negotiated separate and apart from the claims raised by the Plaintiff;
- The Settlement Sum payment of the $7,000.00, shall be due on or before Thursday, October 22nd, 2020;
- The Settlement Sum shall be paid via check or wire transfer to the Palma Law Group IOTA Trust Account. All funds shall remain in Plaintiff's counsel's Trust account until the Court enters an Order approving the settlement and dismissing the case with prejudice;
- The Plaintiff's counsel shall prepare and file the Joint Motion for Approval and Proposed Order within five (5) days from the execution of this Settlement Agreement and Release;
- Upon receipt of the Settlement Sum, the Plaintiff will agree to dismiss the Lawsuit with prejudice as more fully set forth herein except for the specific claims exempted from this Agreement and Release.

B. **GENERAL RELEASE BY PLAINTIFF:** In exchange for payment of the Settlement Sum and the obligations and promises undertaken by the Parties in this Agreement, the Plaintiff, and, as applicable, her agents, heirs, and representatives, hereby irrevocably and unconditionally remises, releases, acquits, and forever discharges the Defendants, and, as applicable, their affiliates, owners, directors, officers, employees, agents, heirs, and representatives, from any and all actions, claims, causes of

MFV: _____     PB: _____

Scanned with CamScanner
Doc ID: a9158f7dff9c8b1d24f3a501b0603e97c79f9d95

action, suits, obligations, liabilities, damages, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, expenses, compensation, attorneys' fees, court costs and other costs, judgments, executions, demands and every other claim of any kind whatsoever, whether such claim be at law or in equity, in contract or tort, and all consequences therefore, foreseen or unforeseen, in existence currently or inchoate and not yet accrued, which the Plaintiff ever had or now has against the Defendants, whether known or unknown, and whether now existing or hereafter accruing or arising, for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of time to the date of this Agreement, with the exception of the Plaintiff's Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, the State of Florida or local agency, if any, dated August 3, 2020. This release shall be immediately effective and self-executing upon the execution of the Settlement Agreement by the Plaintiff or her authorized persons or representatives.

C. **ADDITIONAL TERMS**

(1) **Return of Company Property.** If Plaintiff has not already done so, Plaintiff will return to the Defendants within three (3) days of the signing of this Agreement all company property including identification badges, equipment, documents, photographs, computer files, recipes and any copies thereof, which relate to the Defendant's business and which are in Plaintiff's possession, or under Plaintiff's direction.

(2) **Not Otherwise Entitled.** The Parties agree that, apart from the terms of this Agreement, the Plaintiff is entitled to no payments or other consideration from the Defendants. The payments described in Paragraph III. A are contingent upon Plaintiff's execution of this Agreement, and compliance with all of the terms of this Agreement.

(3) **No Further Obligation.** Plaintiff agrees that Plaintiff has been paid all earned and accrued compensation, less applicable deductions, through the last date of employment of Plaintiff with the Defendants.

(4) **Employee Benefits.** The Plaintiff further agrees that the Plaintiff will no longer have any coverage or entitlement to benefits or contributions under any of the Company's benefit plans, with the exception of the option to elect continuation coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq.*.

(5) **Release of Claims.** In exchange for the payments described in Paragraph III. A above, the Plaintiff fully releases and discharges the Defendants from any and all claims of any nature, whether known or unknown, which the Plaintiff may have arising out of or in connection

MFV: _____       PB: _____

Scanned with CamScanner
Doc ID: a9158f7dff9c8b1d24f3a501b0603e97c79f9d95

with Plaintiff's employment or termination of employment, through the Effective Date of this Agreement, except for the Plaintiff's Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, the State of Florida or local agency, if any, dated August 3, 2020, alleging discrimination based on national origin, retaliation, and age.

Unless specifically exempted herein, this release includes, but is not limited to, the following claims: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by subsequent congressional legislation including, without limitation, the Civil Rights Act of 1991; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. § 206(b); the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (except such rights as may be vested under any retirement plan sponsored by the Company); the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*; the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*; the Florida Civil Rights Act of 1992, as amended; Florida's False Claims Act, Fla. Stat. 68.081; Fla. Stat. §§ 112.3187 *et seq.*, 440.205 and 448.101 *et seq.*; and any claims under Florida or other state laws, including but not limited to, any claims for wrongful discharge, discrimination, retaliation, harassment, breach of contract, intentional or negligent infliction of emotional distress, defamation, invasion of privacy, interference with contract, or any other cause of action based on federal, state, or local law or the common law, whether in tort or in contract. The Plaintiff further agrees that she will not institute any further legal or Administrative Proceeding against the Defendants as to any matter based upon, arising out of, or related to employment, compensation during employment, or termination of employment. This Settlement Agreement and Release shall constitute a complete defense to any such legal action brought in violation of this paragraph. The Plaintiff also covenants and agrees that the Plaintiff will not directly or indirectly participate in any other action, lawsuit, claim, charge or other legal proceeding against the Defendants, and/or against any affiliated entities, either as a party, witness, consultant or informant except as required by legal process, including the subpoena powers of any court or governmental entity or agency. If the Plaintiff files any additional charge with the U.S. Equal Employment Opportunity Commission, other than the one dated August 3, 2020, that would otherwise have been released by this paragraph, Employee shall be limited to non-monetary relief.

(6) <u>Non-Admission of Liability.</u> The Plaintiff agrees that this Agreement is not an admission of any liability or wrongdoing on the part of the Defendants. The Parties acknowledge and agree that this Agreement is

MFV: _____  PB: _____

Scanned with CamScanner
Doc ID: a9158f7dff9c8b1d24f3a501b0603e97c79f9d95

entered into as a compromise of disputed claims to avoid the risks and expense of litigation The terms and conditions of this Agreement, the performance of the Settlement Agreement, the payment of the Settlement Sums, and the negotiations between the Parties surrounding this Agreement, shall not be construed as an admission by any Party or any violation of the rights or interests of any other Party or of any other person or entity; nor shall the terms and conditions of this Agreement, the performance of the Agreement, including the payment of the Settlement Sums, and the negotiations between the Parties surrounding this Agreement, be construed as an admission by any Party of a violation of any order, ruling, law, statute, regulation, contract, or covenant, express or implied. Nothing in this Agreement shall be interpreted as an admission of liability, fault, responsibility, or wrongdoing of any type or nature.

(7) **Re-Employment.** The Plaintiff agrees not to seek re-employment with the Defendants, or its affiliates, at any time in the future. The Plaintiff further agrees to not enter any of the Defendants' properties or places where it conducts business, without prior written approval from the Defendants.

(8) **Taxation.** In the event that the Defendants are required to pay back taxes or Social Security, or fines or assessments, because of the Plaintiff's non-payment of taxes on the amounts paid under this Agreement, the Plaintiff agrees to indemnify the Defendants for any such amounts.

(9) **Attorney's Fees.** Each Party to this Agreement shall bear its own costs an attorney's fees with respect to the Lawsuit, except for that negotiated amount included in the Settlement Sum in Paragraph III. A. However, in the event it shall become necessary for any Party to take legal action of any type to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs incurred in enforcing this Settlement Agreement (at all trial, appellate, and other levels), including attorney's fees and costs incurred in litigating entitlement to attorney's fees and costs, as well as in determining or quantifying the amount of recoverable attorney's fees and costs.

(10) **Communications/Contacts to/with Third Parties.** The Plaintiff shall not communicate in a derogatory manner concerning the Defendants to any person who is not a party to this Agreement, and shall not publish or post any communication whatsoever its nature in any forum or public media, relating to, or regarding, the Defendants, their affiliates, owners, directors, officers, employees, agents, heirs, and/or representatives.

(11) **Confidentiality.** The Plaintiff agrees that she will not disclose the contents of this Agreement, including the amount of monetary payment, to anyone other than her attorneys, financial advisers, or her spouse, or

MFV: _____     PB: _____

Scanned with CamScanner
Doc ID: a9158f7dff9c8b1d24f3a501b0603e97c79f9d95

pursuant to an appropriate order from a court or other entity with competent jurisdiction. In addition, The Plaintiff acknowledges that she has held positions of trust and confidence with the Defendants, and that during the course of her employment she has received or been exposed to material and other information concerning its customers or clients; its policies, practices and procedures; its sales, marketing and financial information; salary and other information which is proprietary in nature, confidential to the Defendants, and not generally available to the public or to the Defendants' competitors, and which, if used or divulged against the Defendants' best interests would irreparably damage its ability to compete in the marketplace ("Confidential Information"). The Plaintiff further agrees not to possess, use or disclose to any person or entity any Confidential Information without the prior, written consent of the Defendants or except as may be required by court order, statute, law or regulation. The Defendants, and its officers, directors, agents and management-level employees, will have the right to discuss the Plaintiff's employment and this Agreement among themselves.

(12) **Entire Agreement; Modification**. The parties agree that this is the entire agreement between the parties. This Agreement overrides and replaces all prior negotiations and terms proposed or discussed, whether in writing or orally, about the subject matter of this Agreement, with the exception of any non-competition agreement, confidentiality agreement or other obligation which, by its terms or by operation of law, survives the termination of Employee's employment. In such event, the confidentiality obligations of this Agreement will supplement, but not replace, such agreement or agreements. No modification of this Agreement will be valid unless it is in writing identified as an Amendment to the Agreement and is signed by the Plaintiff and the Defendants.

(13) **Governing Law**. This Agreement is governed by and construed in accordance with the laws of the State of Florida.

(14) **Remedies for Breach**.

(a)     **ADEA**. In the event that the Plaintiff brings and prevails in an action against the Defendants based on an ADEA claim released in paragraph C(5) above, the Defendants will be entitled to offset any recovery by the amounts paid under this Agreement or the amount recovered by the Plaintiff, whichever is less. In the event that the Defendants prevail in such an     action, the Defendants will be entitled to all remedies authorized by applicable law.

(b)     **All Other Claims**. In the event that the Plaintiff brings an action against the Defendants based on any other claim released in paragraph C(5) above, the Defendants may, at their option, and as applicable (a) stop

MFV: _____     PB: _____

Scanned with CamScanner
Doc ID: a9158f7dff9c8b1d24f3a501b0603e97c79f9d95

making payments that would otherwise have been due under this Agreement; (b) demand the return of any payments that have been made under this Agreement; (c) plead this Agreement in bar to any such action; (d) seek any and all remedies available, including but not limited to injunctive relief and monetary damages, costs and reasonable attorneys' fees.

(c) **Breach by the Defendants.** In the event that the Defendants breach this Agreement, the Plaintiff will be entitled to bring an action for breach of this Agreement but not for any claims released above. In the event that the Plaintiff prevails in such an action, she will be entitled to recover (as appropriate and applicable) monetary damages, injunctive relief, costs and reasonable attorneys' fees.

(15) **Severability.** Each provision of this Agreement is intended to be severable. If any court of competent jurisdiction determines that any provision of this Agreement is invalid, illegal or unenforceable in any respect, the rest of the Agreement will remain in force.

(16) **Counterparts.** This Agreement may be executed in counterparts and electronically transmitted; facsimile signatures on this Agreement shall be deemed originals for all purposes.

(17) **Effective Date.** The "Effective Date" of this Agreement shall be the date this Agreement has been fully executed.

(18) **Further Assurances.** In the event that at any time further action is necessary or desirable to carry out the purposes of this Agreement, each of the Parties hereto will take such further action (including execution and delivery or such further instruments and documents, or the cooperation in obtaining any consents) as any other Party hereto may reasonably request.

(19) **No Waiver Clause.** No waiver of any breach or default hereunder shall be considered valid unless in writing and signed by the party giving such waiver, and no waiver shall be deemed a waiver of any subsequent breach of the same or similar nature.

(20) **Recitals.** The recitals set forth above are true and correct and incorporated here by reference as if fully restated.

(21) **No Assignment.** The Plaintiff represents that it has not assigned or subrogated any of her Claims.

(22) **Titles and Headings.** Any titles or headings assigned to paragraphs in this document are intended solely for organization of the contents

MFV: _____

PB: _____

Scanned with CamScanner
Doc ID: a9158f7dff9c8b1d24f3a501b0603e97c79f9d95

therein and shall have no separate legal import, or serve to limit the contents of said paragraphs to any specific content or subject matter.

D. **KNOWING AND VOLUNTARY**. BY EXECUTING THIS AGREEMENT, EACH PARTY HEREBY EXPRESSLY AGREES AND ACKNOWLEDGES THAT IT HAS CAREFULLY READ THIS AGREEMENT, PRIOR TO SIGNING IT, THAT THE AGREEMENT HAS BEEN EXPLAINED TO THEM PRIOR TO SIGNING IT, THAT THEY HAVE HAD THE OPPORTUNITY TO HAVE IT REVIEWED BY AN ATTORNEY, THAT THEY UNDERSTAND THIS AGREEMENT'S FINAL AND BINDING EFFECT PRIOR TO SIGNING IT, AND THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENTION OF COMPROMISING, SETTLING, AND RELEASING EACH OTHER AS STATED IN THIS AGREEMENT.

ACKNOWLEDGED, AGREED AND ACCEPTED:

**MILVIA F. VIVERO**

By: _____
MILVIA F. VIVERO

Date: 11 / 09 / 2020

MFV: _____

PB: _____

Scanned with CamScanner
Doc ID: a9158f7dff9c8b1d24f3a501b0603e97c79f9d95

**ACKNOWLEDGED, AGREED AND ACCEPTED:**

PINECREST BAKERY, LLC, a Florida limited liability corporation, and on behalf of all other named and unnamed Defendants.

By: _____

Print Name: _____Efrain Valdes_____

Title: _____Managing Meuber_____

Date: _____10/22/20_____

MFV: __MV__

PB: _____

Scanned with CamScanner
Doc ID: a9158f7dff9c8b1d24f3a501b0603e97c79f9d95



Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement |
| **FILE NAME** | VIVERO MILVIA - S...y DEF) 102920.pdf |
| **DOCUMENT ID** | a9158f7dff9c8b1d24f3a501b0603e97c79f9d95 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**         **10 / 30 / 2020**         Sent for signature to Milvia Vivero
                 11:57:19 UTC-5             (milviavivero62@gmail.com) from jfp@thepalmalawgroup.com
                                            IP: 73.0.216.26

**VIEWED**       **10 / 30 / 2020**         Viewed by Milvia Vivero (milviavivero62@gmail.com)
                 13:34:10 UTC-5             IP: 172.58.14.199

**SIGNED**       **11 / 09 / 2020**         Signed by Milvia Vivero (milviavivero62@gmail.com)
                 15:55:06 UTC-5             IP: 172.58.14.254

**COMPLETED**    **11 / 09 / 2020**         The document has been completed.
                 15:55:06 UTC-5

Powered by HELLOSIGN